0UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY BLOCKER,

        Plaintiff,

v.

ROBERT J. JONKER,
STATE OF MICHIGAN,
GRETCHEN WHITMER,
UNITED STATES OF AMERICA,
JOSEPH R. BIDEN, and
MICHIGAN UNEMPLOYMENT AGENCY,

        Defendants.
_____/

Case No. 1:22-cv-132

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Corey Blocker ("Blocker"). This matter is now before the Court on his application to proceed *in forma pauperis* (ECF No. 2).

    **I.**    **Restricted filer status**

Due to his history of filing meritless lawsuits, Blocker is a restricted filer and his complaints are subject to screening. In *Blocker v. State of Michigan*, *et al.*, 1:21-cv-557, the Court addressed Blocker's history of filing frivolous lawsuits:

> This is the next installment in what has become a predictable pattern of frivolous litigation filed by plaintiff Corey Blocker. This is styled a Motion for Collateral Attack on an earlier decision of this Court. ECF No. 1, at PageID.1. It lists the case under collateral attack as 1:21-cv-476, but that must be a typo because that case has nothing to do with Corey Blocker.
>
> It is perhaps understandable that even Mr. Blocker has trouble keeping track of his filings because this is his seventh new filing in 2020 or 2021 that raises the same basic—and largely incomprehensible—complaint against various public officials, including Governor Whitmer and President Biden, and others, and ties in some way to pandemic masking requirements and unemployment. His prior

lawsuits on this topic have been dismissed by this Court as frivolous, or for lack of subject matter jurisdiction. A recent Sixth Circuit decision affirmed this Court's dismissal of one of these cases. *See* Sixth Circuit Case No. 21-1035 (July 1, 2021) (affirming dismissal in Case No. 20-cv-1260).

>The new filing in this case adds nothing new or different. For the reasons articulated in the Court's Order of Dismissal in Case No. 1:21-cv-447, ECF No. 5, and the other five previous filings on the same theme, **the Court dismisses plaintiff Corey Blocker's new filing for failure to state a claim and for lack of subject matter jurisdiction. The Court again discerns no good faith basis for appeal**.

*Blocker*, 1:21-cv-557 (ECF No. 5, PageID.10-11) (July 6, 2021) (footnotes omitted) (emphasis in original).

For reasons discussed in the July 6th order, the Court placed Blocker on Restricted Filing status:

>Accordingly, to deter future frivolous filings, and to avoid needless litigation burden on defendants, **the Court places plaintiff Corey Blocker on Restricted Filing status** and directs that **any Judicial Officer reviewing an application from Plaintiff to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) may grant such an application only after first determining that the complaint survives screening under the standards of 28 U.S.C. § 1915(e)(2).** No defendant named in any such complaint shall have an obligation to respond unless and until the Court authorizes service of the complaint on that defendant and sets a deadline for response. **To facilitate effective screening, the Court directs that any future cases filed by plaintiff Corey Blocker be assigned to the undersigned under the related and cognate case rule of the Court.**

*Id*. at PageID.12-13 (emphasis in original).

In reaching this determination, the Court noted in the order that it was Blocker's seventh frivolous lawsuit filed in this Court (*see Blocker v. State of Michigan, et al.*, 1:20-cv-444; *Blocker v. State of Michigan, et al.*, 1:20-cv-772; *Blocker v. State of Michigan, et al.*, 1:20-cv-988; *Blocker v. State of Michigan, et al.*, 1:20-cv-1058; *Blocker v. State of Michigan, et al.*, 1:20-cv-1260; *Blocker v. State of Michigan, et al.*, 1:21-cv-447; and, *Blocker v. State of Michigan, et al.*, 1:21-cv-557). *Id*. at PageID.10, fn. 2. In addition, the Court noted that

> Mr. Blocker's history of frivolous federal litigation is not limited to this District. The docket of the Sixth Circuit lists six dismissals of appeals by Corey Blocker from decisions of the Middle District of Tennessee (Nashville). *See* Court of Appeals Case Nos. 18-6265; 18-6184; 14-5719; 13-5362; 10-5359; and 05-5441. The litigation pattern was similar, with Mr. Blocker filing a series of what he calls collateral attacks on his original loss.  This list of cases, appears to involve three separate matters: 1) loss of employment claims; 2) loss of a personal injury claim; and 3) a loss in estate litigation. Mr. Blocker appeared pro se in all matters.

*Id*. at PageID.12, fn. 5.  As of the date of this report, the undersigned notes that three more of Blocker's lawsuits filed in 2021 have been dismissed (*see Blocker v. State of Michigan, et. al.*,1:21-cv-467; *Blocker v. State of Michigan, et. al.*, 1:21-cv-598; and, *Blocker v. State of Michigan, et. al.*, 1:21-cv-839).

## II.    The Complaint

In the present lawsuit, Blocker has filed a single paragraph document entitled, "ORIGINAL COMPLAINT, AND MOTION FOR TEMPORARY INJUNCTION, AND MOTION TO TRANSFER EVERY TRANSCRIPT FROM ALL COREY BLOCKER'S CASES INVOLVING ROBERT J. JONKER, ALSO A MOTION TO COMPEL EVERY DOCUMENT PURTAINING TO COREY BLOCKER'S UNEMPLOYMENT."  Compl. (ECF No. 1).

Blocker's current complaint includes similar cryptic claims against the defendants sued in his earlier lawsuits: the State of Michigan (no allegation, presumably related to allegation of damages from "unconstitutional mandate of wearing a mask"); Michigan Governor Gretchen Whitmer (no allegation, presumably related to allegation of damages from "unconstitutional mandate of wearing a mask"); the United States of America (alleging that the United States "through the hoax commonly known as covid-19 has violated Corey Blocker [sic] constitutional and civil rights to life liberty and the pursuit of happiness", yet at the same time Blocker seeks to benefit from the alleged "hoax",  claiming that under the "cares act" he has been denied "grants and loans for his business" and "the SBA just stalled to give Corey Blocker the EIDL loan increase

3

or the PPP loan he qualified for"); President Joseph R. Biden (no allegation); and the Michigan Unemployment Agency (claiming that the agency "stole money from Corey Blocker" in the amount of $14,000.00). *Id*.

In addition, Blocker's present complaint names Chief Judge Robert J. Jonker as a defendant.[1]  In this regard, Blocker alleged that Chief Judge Jonker: "has repeatedly committed fraud upon the cases involving Corey Blocker;" "has made rulings on Corey Blocker's cases without allowing the evidence that Corey Blocker has compelled to be sent by the other defendants that would prove beyond a shadow of a doubt the other defendants [sic] guilt"; and, "Corey Blocker has had to endure undue hardship because of Robert J. Jonkers [sic] fraud upon the court").  *Id*.

Blocker states the following request for relief,

> Corey Blocker request [sic] the full amount of the cares act for his damages and for all involved to be prosecuted to the full extent of the law for treason.  Robert J. Jonker does not have immunity under fraud upon the court and can be held liable for damages.

*Id*.

Blocker has filed a number of motions in this case as follows: "Motion for temporary injunction on all executive orders that violate the U.S. Constitution, also motion to provided [sic] certifacate [sic] of service for the original complaint, and the motion to compel" (ECF No. 7); "Motion to compel every document from the SBA to prove that Corey Blocker has been blacklisted" (ECF No. 9); "Statement of fact, and a motion to compel evidence" (ECF No. 10); "Motion for injunction againgst [sic] the SBA decision to deny Corey Blocker's EIDL loan modification, and injunction against the Michigan Unemployment Agency decline [sic] Corey Blocker's Unemployment" (ECF No. 11); and, "Motion for emergency injunction, also motion for

---

[1] This case was originally assigned to Chief Judge Jonker.  Because he was named as a defendant, Judge Jonker entered an Order of disqualification (ECF No. 4), and directed the Clerk of the Court to reassign the case to another judge in the district.

judgment by default, and motion to submit Exhibit (C) NCP Financial Detail Report, and the SBA decline letter" (ECF No. 12). In addition, to the motions, Blocker has filed papers entitled "Statement of Fact" (ECF No. 8) and "Notice of requested settlement" (ECF No. 13).[2]

### III.    Discussion

Blocker's complaint is subject to review under the standard set by 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's*

---

[2] The Court notes that Blocker's "Notice of requested settlement" does not contain a settlement demand.

5

*Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

For the reasons discussed in previous orders, Blocker's cursory allegations against the State of Michigan, Michigan Governor Gretchen Whitmer, the United States of America, President Joseph R. Biden, and the Michigan Unemployment Agency fail to state claims against those defendants.  In this regard, Blocker made similar cryptic claims in his complaint filed in *Blocker*, 1:21-cv-839 (dismissed August 19, 2021).

Blocker's claims against his new litigation target, Chief Judge Robert J. Jonker, also fail because Judge Jonker has judicial immunity from Blocker's claims.  "'Judicial immunity' is shorthand for the doctrine of absolute immunity that operates to protect judges and quasi-judicial officers alike from suit in both their official and individual capacities." *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007).  "This far-reaching protection is justified by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *DePiero v. City of Macedonia*, 180 F.3d 770, 783-84 (6th Cir. 1999) (internal quotation marks omitted).

> [A]bsolute judicial immunity is overcome only in two situations. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.
>
> Whether an action is judicial depends on the nature and function of the act, not the act itself. This functional analysis typically turns on two factors set forth by the Supreme Court in *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099, 55 L.Ed.2d 331 (1978). First, looking to the nature of the act, courts must determine whether it is a function normally performed by a judge. . . .   Second, looking to

the expectations of the parties, courts must assess whether the parties dealt with the judge in his or her judicial capacity.

*Dixon*, 492 F.3d at 674 (quoting *DePiero*, 180 F.3d at 784) (brackets omitted).

Neither of these exceptions apply here. With respect to the first situation, Chief Judge Jonker addressed Blocker's frivolous filings in his capacity as a United States District Judge. Evaluating lawsuits is a function normally performed by a judge. This includes such actions as dismissing lawsuits and restricting individuals who abuse the federal court system by filing frivolous lawsuits. *See Stewart v. Fleet Financial*, 229 F.3d 1154 (6th Cir. 2000) ("A district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions."). With respect to the second situation, Chief Judge Jonker had jurisdiction to address the merits of Blocker's previous lawsuits filed in this Court.[3] For these reasons, Blocker has failed to state a claim against Chief Judge Jonker.

### IV.  Conclusion

Pursuant to this Court's order in *Blocker*, 1:21-cv-557 (ECF No. 5), Blocker's complaint filed in this lawsuit would not survive screening under the standards of 28 U.S.C. § 1915(e)(2).

### V.  RECOMMENDATION

Accordingly, I respectfully recommend that Blocker's application for leave to proceed *in forma pauperis* (ECF No. 2) be **DENIED**.

I further recommend that the Court require Blocker to submit the **$402.00** filing fee within **28 days** after entry of the order denying the application.

---

[3] The Court records indicate that Chief Judge Jonker was assigned to 9 previous cases filed by Blocker: *Blocker*,1:20-cv-444; *Blocker*, 1:20-cv-772; *Blocker*, 1:20-cv-988; *Blocker*, 1:20-cv-1058; *Blocker*, 1:20-cv-1260; *Blocker*, 1:21-cv-447; *Blocker*,1:21-cv-557; *Blocker*, 1:21-cv-598; and, *Blocker*, 1:21-cv-839.

7

I further recommend that this action be **DISMISSED** if Blocker fails to pay the filing fee as directed by the Court.

Dated:  April 25, 2022              /s/ Ray Kent
                                    RAY KENT
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).