UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY BLOCKER,

    Plaintiff,

v.

    Case No. 1:22-cv-132

    HON. JANET T. NEFF

ROBERT J. JONKER, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

    This is a civil action filed brought by *pro se* Plaintiff Corey Blocker. On April 25, 2022, the Magistrate Judge issued a Report and Recommendation (R & R), recommending that this Court deny Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 14). After the R & R was issued, Plaintiff filed a "Motion for Default Judgment" (ECF No. 15); a "Motion for the Judge to Recuse Himself, and Notice of Intent to Sue the Judge" (ECF No. 16); a "Statement of Fact" (ECF No. 17); a "Motion to Appeal the Report and Recommendation" (ECF No. 18); and a "Motion for Emergency Injunction" (ECF No. 20). For the reasons stated below, the Court denies Plaintiff's Motion to Recuse, approves and adopts the R & R, and denies Plaintiff's application to proceed *in forma pauperis*.

    Before addressing the R & R, the Court will first address Plaintiff's Motion to Recuse. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A district judge "must recuse himself where a reasonable person with knowledge of all facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993). This is an objective standard. *Id.* Prejudice or

bias must be "extrajudicial" and emanate from a source other than the court's participation in the proceedings. *See United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990). Rulings in a case almost never qualify as a valid basis for a recusal motion and, "[a]lmost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994).

Plaintiff alleges that "the judge over this case" must "recuse themselves" because "the judge has bias for the defendants" (ECF No. 16 at PageID.56-57). Plaintiff, however, does not specifically identify which judge or judges his motion concerns. To the extent that the motion concerns Chief U.S. District Judge Robert J. Jonker, he is no longer assigned to this case. To the extent that the motion concerns U.S. Magistrate Judge Ray Kent or the undersigned, Plaintiff's assertions of bias are wholly conclusory and lacking in support. Accordingly, Plaintiff's Motion to Recuse is denied.

The Court will next address the R & R. Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Magistrate Judge issued the R & R on April 25, 2022. No objections have been filed. Although Plaintiff filed several documents since April 25, 2022, most of the filings do not relate to the R & R and cannot be construed as an objection. There is only one motion that is relevant. On May 16, 2022, Plaintiff filed a "Motion to Appeal the Report and Recommendation" (ECF No. 18).[1] In this motion, Plaintiff states that he "makes this motion to appeal [the R & R] in a timely

---

[1] To the extent that Plaintiff was asking for additional time to file objections in his "Motion to Appeal," the Court denied the request for failing to show good cause (ECF No. 19).

manner" (*id* at PageID.61).  Plaintiff's motion, however, does not specifically address any portion of the R & R.  At most, Plaintiff's motion can be construed as a general objection.  Only those objections that are specific are entitled to de novo review.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).  "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."  *Brown v. City of Grand Rapids, Michigan,* No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).  Thus, to the extent that Plaintiff's motion can be construed as an objection, the general objection is denied.

The Court has reviewed the R & R and agrees with the Magistrate Judge's conclusion that Plaintiff's complaint would not survive screening under the standards of 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Recuse (ECF No. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 14) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

Plaintiff must submit the **$402.00 filing fee** within **28 days** of the date of this order, or this action will be dismissed.

Dated:  May 20, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge